Filed 3/5/24  P. v. Duggan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097888 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041015) |
| v. | |
| ROBERT DUANE DUGGAN, | |
| Defendant and Appellant. | |

Defendant Robert Duane Duggan appeals following resentencing after the trial court struck a one-year enhancement for a previously imposed prior prison term and denied his request to dismiss a gun enhancement associated with his aggravated mayhem conviction.  He raises two contentions:  (1) his counsel was ineffective for failing to present the trial court with all resentencing options; and (2) we must direct the trial court to correct his custody credits.  The People concede the custody credit error.  We agree defendant is entitled to additional custody credit and therefore remand but otherwise affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant forced his way into the victim's apartment, shooting him multiple times, causing the loss of an eye and other injuries. (See *People v. Duggan*, (Mar. 15, 2019, C079809) [nonpub. opn.] (*Duggan I*).)

On April 30, 2015, a jury found defendant guilty of attempted murder, aggravated mayhem, possession of a firearm by a felon, and misdemeanor possession of cocaine. The jury also found that defendant personally and intentionally discharged a firearm causing great bodily injury in the commission of both the attempted murder and mayhem. The trial court found that defendant had served a prior prison term.

On June 15, 2015, the trial court sentenced defendant to seven years to life for aggravated mayhem, plus 25 years to life for the firearm enhancement, plus a consecutive upper term of three years for his prohibited possession of a firearm, plus one year for the prior prison term, and a concurrent one year for the possession of cocaine. The trial court also imposed but stayed both the upper term of nine years for attempted murder and 25 years to life for the associated firearm enhancement. We affirmed this judgment. (*Duggan I*, *supra*, C079809.)

Defendant petitioned the California Supreme Court, and it remanded with directions to vacate our decision and reconsider in light of *People v. Lemcke* (2021) 11 Cal.5th 644. We issued an opinion on transfer remanding for resentencing on issues related to defendant's fines and fees. (*People v. Duggan* (Sept. 28, 2021, C079809) [nonpub. opn.] (*Duggan II*).) In that opinion, we also struck defendant's prior prison term enhancement in light of the statutory changes brought about by Senate Bill No. 136 (2019-2020 Reg. Sess.) but determined that resentencing in light of Senate Bill No. 620 (2017-2018 Reg. Sess.) was unnecessary because the trial court would not have stricken the firearm enhancement if it had had discretion to do so at the original sentencing. (*Duggan II*, *supra*, C079809.)

On July 26, 2022, the trial court identified defendant's case for resentencing pursuant to Penal Code former section 1171.1 (now § 1172.75) (Stats. 2022, ch. 58, § 12) and appointed counsel. (Further undesignated section references are to the Penal Code.) Defendant requested the trial court strike the one-year prior prison term enhancement and dismiss his 25-year firearm enhancement pursuant to section 1385, as amended by Senate Bill No. 81 (2021-2022 Reg. Sess.). The People agreed the prior prison term enhancement should be stricken but opposed the remaining request.

On December 28, 2022, the trial court struck defendant's one-year prior prison term enhancement but not his firearm enhancement. The trial court failed to address custody credits at the resentencing hearing, and the amended abstract of judgment reflected no change in custody credits from defendant's original sentencing. Defendant timely appealed.

DISCUSSION

I

Defendant contends he received ineffective assistance because his counsel at resentencing failed to present the trial court with all available resentencing options that may have resulted in a more favorable sentence. Specifically, defendant contends his counsel: (1) failed to present all possible sentencing alternatives for his 25-to-life firearm enhancement, and (2) failed to request the trial court exercise its newly granted discretion under section 654[1] to stay his sentence for aggravated mayhem (seven years to life) and instead enforce the sentence for attempted murder (the upper term of nine years).

"[T]o establish a claim for ineffective assistance of counsel, a defendant must show that his or her counsel's performance was deficient and that the defendant suffered

---

[1] Section 654 as amended allows a trial court to select which sentence to stay in contrast to the previous language, which required the trial court to impose the longest possible term. (*People v. Mendoza* (2022) 74 Cal.App.5th 843, 861-862.)

3

prejudice as a result of such deficient performance." (*People v. Mickel* (2016) 2 Cal.5th 181, 198; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-692.) To demonstrate prejudice, a defendant must show "a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*Mickel*, at p. 198.)

Here, defendant faults his attorney for failing to present the trial court with all options at his resentencing. However, he has not established he was prejudiced by these asserted failures. In *Duggan II* this court determined it was unnecessary to remand defendant's case to allow the trial court to exercise its newly found discretion to strike defendant's firearm enhancement under Senate Bill No. 620 (2017-2018 Reg. Sess.). (*Duggan II*, *supra*, C079809.) The numerous sentencing factors in aggravation that were utilized to impose an upper term determinate sentence for defendant's firearm possession conviction, combined with the trial court's comment "that [the] enhancement term was 'appropriate' " caused this court to conclude "that term would not have been stricken had the trial court possessed such discretion at the time of sentencing." (*Ibid*.)

That the trial court would not have imposed a lesser sentence at his December resentencing hearing is also supported by the fact that, with the limited exception of running the term for defendant's misdemeanor conviction *concurrent* with his prison sentence, the trial court imposed the maximum sentence allowable under law when it originally sentenced defendant in 2015 and resentenced him in 2022.

Defendant has therefore not demonstrated it is reasonably probable the trial court would have altered his sentence downward. (*Strickland v. Washington*, *supra*, 466 U.S. at p. 694.)

II

The parties agree and so do we that this matter must be remanded for correction of defendant's actual custody credits and for issuance an amended abstract of judgment

4

reflecting the accurate number of days served prior to the December 2022 resentencing hearing.

Pursuant to section 2900.1, "when a sentence is modified while in progress, the 'time' already served 'shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) This requires the trial court to update the actual custody credits on the amended abstract of judgment to reflect "all actual days" spent in custody "whether in jail or prison" up until the resentencing. (*Ibid*.)

## DISPOSITION

We remand the matter for the trial court to calculate defendant's actual custody credit. The trial court shall prepare an amended abstract of judgment and forward a certified copy to the California Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
RENNER, J.

5